Rezin Kennedy

v.

Abram Bruner, Executor, etc.

*Fraudulent Conveyances—Mortgages—Foreclosure—Evidence.*

Upon a bill seeking to subject real estate, alleged to have been conveyed in fraud of creditors, to the payment of a judgment against a former owner, this court declines to interfere with a decree of dismissal, on the ground that the evidence does not show actual fraud on the part of the defendant.

[Opinion filed October 19, 1888.]

In error to the Circuit Court of Massac County; the Hon. Geo. W. Wall, Judge, presiding.

Mr. James C. Courtney, for plaintiff in error.

Messrs. Green & Gilbert, for defendant in error.

Reeves, J. The appellant having recovered a judgment against one Ransom Dever in April, 1874, which he was unable to collect by execution, filed his bill in the Circuit Court of Massac County, asking to subject certain real estate in said county to the payment of his judgment. This real estate formerly belonged to said Dever, and he was the owner of it when appellant's judgment was obtained, subject to a mortgage for $500, executed by said Dever in 1870, and held by appellee, Lucy Ward. Some time prior to the rendition of appellant's judgment, said Dever executed two mortgages on the land in controversy, and some town lots, to secure the several sums of $600 and $700. In these mortgages Lucy Ward's name appears as mortgagee. It is conceded that these latter mortgages were given without consideration, and were given by Dever for the purpose of hindering, delaying and defrauding his creditors.

All the mortgages were foreclosed together, and the land in controversy, as well as the town lots, sold under foreclosure for the full amount of all the mortgages and costs. After the sale the land was sold to one Stewart, and he received the certificate of sale, and subsequently a deed from the master in chancery.

Then, to secure a balance due Mrs. Ward on her original debt, Stewart executed to her a mortgage on the land in controversy, which she subsequently foreclosed, and under this foreclosure acquired the title to the land.

This brief statement of facts is intended only as an outline for the purpose of tracing the title to the land in controversy, and not made even as a condensed statement of all the facts of the case. The position of appellant is, that on account of the conceded fraud in the two bogus mortgages, and the further fact that they, with the *bona fide* mortgage of $500, were foreclosed together and in the name of Mrs. Ward and under her decree, the land and the town lots sold for the full amount of the three mortgages, interest and costs, that such a fraud was committed upon the rights of appellant as a judgment creditor of Dever as entitles him to subject the land, the title to which is now in Mrs. Ward, to the payment of his judgment. We have read all the evidence contained in the record, and carefully considered the arguments of counsel upon all phases of the case. The conclusion we have reached is this: To enable appellant to maintain his bill as against Mrs. Ward, it is necessary for him to show that she actively participated in the fraud concocted by Dever, either in the execution or foreclosure of the bogus mortgages. In other words, the proof must establish actual fraud on her part in connection with the giving of these bogus mortgages, or their foreclosure. Without going over the evidence in detail, which would extend this opinion to a great length and answer no good purpose, we shall content ourselves with saying that, after a careful examination of all the evidence in the case, it fails, in our judgment, to establish any actual fraud on the part of Mrs. Ward in connection either with the giving or the foreclosure of these bogus mortgages. Conceding that she

had constructive notice of what was being done as to their foreclosure, this would not, in our view of the law, affect her title derived from Stewart, who is not shown to have had any notice whatever of the fraud sought to be practiced by Dever. The decree of the Circuit Court is affirmed.

*Decree affirmed.*